UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN MCINTYRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01150-JPH-TAB |
| | ) | |
| WEXFORD MEDICAL SERVICES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening the Complaint and Directing Service of Process**

Plaintiff Steven McIntyre is an inmate at New Castle Correctional Facility. He claims that two prison doctors, a prison grievance specialist, a private prisoner operator, and a private medical services provider violated his civil rights and Indiana tort law by refusing to provide him with adequate pain medication and by denying his grievances relating to medical care.

**I. Screening Standard**

Because Mr. McIntyre is a prisoner, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. The Complaint

The complaint names Wexford Medical Services ("Wexford"), Dr. John Nwannunu, Dr. Falconer, grievance specialist H. Winningham, and GEO Group, Inc. ("GEO"), as defendants. Mr. McIntyre is seeking compensatory and punitive damages and injunctive relief.

Mr. McIntyre is a double amputee—both legs are amputated below the knee—and he has chronic pain from nerve damage in his stumps. His nerve pain was effectively treated with Trileptal until Wexford, Dr. Nwannunu, and Dr. Falconer discontinued his prescription. Since June 2020, Mr. McIntyre has either received no pain medication or ineffective pain medication. On several occasions, Dr. Nwannunu refused to see him for appointments. Mr. McIntyre filed multiple grievances, which Winningham either failed to investigate or process. Dr. Nwannunu prescribed Cymbalta, even though he knew that Mr. McIntyre has adverse reactions to this medication, after Mr. McIntyre began filing grievances against him.

Mr. McIntyre claims that all the defendants violated his Eighth Amendment right to medical care. He claims that Dr. Nwannunu violated his First Amendment rights by prescribing Cymbalta in retaliation for filing grievances. He claims that Winningham violated Indiana tort law by failing to investigate and process grievances and that GEO violated Indiana tort law by overseeing a widespread practice by its employees of disregarding inmate grievances.

## III. Discussion

Mr. McIntyre's Eighth Amendment medical claims **shall proceed** against all defendants. His Indiana negligence claims **shall proceed** against GEO and against Winningham in her individual capacity. His retaliation claim **shall proceed** against Dr. Nwannunu in his individual and official capacity.

2

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Wexford of Indiana, LLC, GEO Group, Inc., Dr. John Nwannunu, Dr. Falconer, and H. Winningham in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to change "Wexford Medical Services" to "Wexford of Indiana, LLC" as a defendant on the docket.

**SO ORDERED.**

Date: 9/9/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVEN MCINTYRE
186439
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic Service to Wexford of Indiana, LLC

Dr. John Nwannunu
New Castle Correctional Facility – Medical Staff
1000 Van Nuys Road
New Castle, IN 47362

Dr. Falconer
New Castle Correctional Facility – Medical Staff
1000 Van Nuys Road
New Castle, IN 47362

3

H. Winningham
New Castle Correctional Facility – Staff
1000 Van Nuys Road
New Castle, IN 47362

GEO Group, Inc.
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362